IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff <br> vs <br> **1) WILFREDO FELICIANO-RODRIGUEZ** <br> a/k/a Wilfre <br> (Counts One, Two, Four and Six) <br> 2) JOSE L. CLAUDIO-ORTIZ, a/k/a Pella <br> (Counts One, Two and Five) <br> 3) JORGE L. RODRIGUEZ-ROSA, <br> a/k/a Cuquito <br> (Counts One and Two) <br> 4) ALFRED RODRIGUEZ-RIOS <br> a/k/a Fredito <br> (Counts One, Two and Three) <br> 5) HECTOR M. NIEVES-RIVERA, <br> a/k/a Cancort <br> (Count One) <br> 6) JUAN ROJAS-RODRIGUEZ, a/k/a Tito <br> (Count One) <br> 7) JOSE G. RODRIGUEZ-ROSA, <br> a/k/a Gageth <br> (Count One) <br> 8) OMAR MEDINA-TORRES <br> (Count One) <br> 9) JOSUE ROSARIO, a/k/a Ruso <br> (Count One) <br> 10) ERNEST VELAZQUEZ-CASANOVA <br> (Count One) <br> 11) ALEXIS LEBRON-MARCON <br> (Count One) and <br> 12) FELIX OMAR MELENDEZ, a/k/a Omy <br> (Count One) <br> Defendants | CRIMINAL 04-0052CCC |

**O R D E R**

Before the Court is a pro-se letter motion filed by defendant Wilfredo Feliciano-Rodríguez on May 3, 2005 (**docket entry 305**) in which he states his interest in having other special legal visits to prepare for trial and his appreciation for the Court's granting the April 29, 2005 special visit. This letter-motion is NOTED. Mr. Feliciano-Rodríguez is advised that in the future he must address the Court by motions filed by his attorney Lorenzo J. Palomares-Starbuck.

Mr. Feliciano-Rodríguez also filed a Motion for Contempt and to Dismiss the Indictment on May 3, 2005 (**docket entry 310**) signed by Mr. Palomares-Starbuck which was opposed

by the government on May 11, 2005 (**docket entry 311**) and to which movant replied on May 19, 2005 (docket entry 314) after being authorized by the Court (docket entry 312).

The Motion for Contempt and to Dismiss (**docket entry 310**) is DENIED since despite the short notice, the special legal visit was actually held. Defendant does not provide in his motion or in his reply a factual basis that would justify granting either remedy. Inmates' visits with attorneys are monitored and supervised by prison staff, although the regulations provide that staff may not subject visits between an attorney and an inmate to auditory supervision. There is no evidence that prison staff violated this prohibition. Mr. Palomares-Starbuck has acknowledged that he distanced from the inmate and family members while he discussed matters with other inmates whom he represents. However, correctional officer Tomás Vélez observes in his April 29, 2005 memorandum attached to the government's opposition that the attorney, the defendant and the family members who were there for the special visit moved on to the attorney's waiting room to hold the legal visit once the attorney was reminded that he had to remain with the inmate and the visitors at all times.

The government has provided no evidence whatsoever in support of its perception that the visit turned out to be a social instead of a special legal visit. The fact that the defendant and his mother may have referred to it as "social" does not mean that the purpose of the visit was distorted. Neither defendant nor his relatives are attorneys. The fact remains that Mr. Palomares-Starbuck was present and actually met with his client and the relatives who are potential witnesses in this case, as authorized by the Court, and there is no reason to assume that he did not hold discussions with them in preparation for trial.

The government belabors the point regarding the penal institution's rights to discipline an inmate and the need for the Court to defer to the prison authorities' determinations on disciplinary sanctions. It charges the Court with affecting the orderly running of MDC-Guaynabo, undermining the authority of the Warden and disciplinary hearing officers, and circumventing the sanctions imposed upon defendant. In doing this, it completely disregards the Sixth Amendment right of a detained defendant to assist his counsel in the preparation of his defense which in this specific instance translated into the need to meet with his attorney in a conference room at the institution with certain trial witnesses who happen to be relatives. This neither posed a security risk for the institution nor can it reasonably be claimed that this brief visit undermines the sanction. There was no need for the Court's ruling to be previously

subjected to BOP approval, as suggested by the government. If other inmates are seeking special visits while sanctioned, something which has not been proven, it is for the particular Judge who receives such request to assess it and rule upon it.

In sum, the Court understands that both parties have not focused correctly on the issue of the special legal visit that took place on April 29, 2005. Although the opposition is based on misplaced arguments, defendant's motion provides no factual justification that would warrant a dismissal of charges or a contempt finding against prison officials.

SO ORDERED.

At San Juan, Puerto Rico, on June 16, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge